JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I. (a) PLAINTIFFS**
Don McCovey and Dawn Heckel

**DEFENDANTS**
Medtronic, Inc., et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  __Unknown County__
(EXCEPT IN U.S. PLAINTIFF CASES)  in Calif.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Hennepin County__
(IN U.S. PLAINTIFF CASES ONLY)  Minnesota
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Rachel Abrams
Hersh & Hersh
601 Van NEss Avenue, Suite 2080
San Francisco, CA 94102
Telephone: 415-441-5544/Fax: 415-441-7586

ATTORNEYS (IF KNOWN)
Sonja Weissman/Dana A. Blanton, Reed Smith LLP
1999 Harrison Street, 24th Flr, Oakland, CA 94612
Michael Brown/Ginger Heyman Pigott, Reed Smith LLP
355 South Grand Ave., Los Angeles, CA 90071
Tel:  510-763-2000/Fax: 510-273-8832

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 640 RR & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 710 Fair Labor Standards Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt Relations | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 555 Prison Condition | | | [ ] 890 Other Statutory Actions |
| | [ ] 446 Amer w/ disab - Other | | | | |

**VI. CAUSE OF ACTION**  (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. § 1332 and 28 U.S.C. § 1441

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION  DEMAND $
  UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] YES  [ ] NO

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AN "X" IN ONE BOX ONLY)   [X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE May 2, 2008                SIGNATURE OF ATTORNEY OF RECORD   _Dana Blanton /ETA_

NDC-JS44

JS 44 Page 2
(Rev. 11/04)

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defend ant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V. Nature of Suit. Place an "X" in the appropriate box . If the nature of suit cannot be determined , be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.



Sonja S. Weissman (SBN 154320)
Dana A. Blanton (SBN 232373)
REED SMITH LLP
1999 Harrison St., Suite 2400
Oakland, CA 94612
Telephone:    510.763.2000
Facsimile:    510.273.8832
Email: sweissman@reedsmith.com;
dblanton@reedsmith.com

Michael K. Brown (SBN 104252)
Ginger Heyman Pigott (SBN 162908)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:    213.457.8000
Facsimile:    213.457.8080
Email: mkbrown@reedsmith.com;
gheyman@reedsmith.com

Attorneys for Defendant
Medtronic, Inc.

ORIGINAL
FILED

MAY - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DON McCOVEY and DAWN HECKEL,

           Plaintiffs,

       vs.

MEDTRONIC, INC. and DOES 1 through 15,
inclusive,

           Defendants.

Case No.: C08-02287 MEJ

(Removal of San Francisco Superior Court
Case No. CGC-08-471879)

**NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1332 AND §
1441**

ADR

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

GO 44 SEC. H
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES:

Defendant Medtronic, Inc. ("Medtronic"), a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota, by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of its removal of the above-captioned case from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. The grounds for removal are as follows:

1.    Plaintiffs Don McCovey and Dawn Heckel commenced this action by filing a complaint on February 6, 2008 in the Superior Court of the State of California for the County of San Francisco (the "State Court Action"). The case was docketed in San Francisco Superior Court as Case Number CGC-08-471879.

2.    This Court has subject matter jurisdiction over this action and all claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a). Because this Court has subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(d) and 1441(a), because the United States District Court for the Northern District of California is the federal judicial district embracing the Superior Court for the State of California, San Francisco County, where the State Court Action was originally filed.

3.    A copy of the complaint and summons was received by Medtronic's registered agent on April 3, 2008. A true and correct copy of same is attached hereto as Exhibit A. Medtronic's state court answer, filed on May 1, 2008 is attached hereto as Exhibit B. No other pleadings or papers have been served on Medtronic in this litigation.

Notice Of Removal Of Action Pursuant To 28 U.S.C. § 1332 And § 1441

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

4.    Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon Medtronic of the complaint and summons.  Since Medtronic is filing this Notice on May 2, 2008, removal is timely.

5.    Concurrently with the filing of this Notice, Medtronic is serving this Notice on plaintiffs' counsel, and filing a copy of the Notice with the Clerk of the Superior Court of the State of California for the County of San Francisco.

DIVERSITY OF CITIZENSHIP

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Diversity jurisdiction exists where "(1) the amount in controversy exceeds $ 75,000, and (2) the suit is between citizens of different states." *Green v. Party City Corp.*, No. CV-01-09681 CAS (Ex), 2002 U.S. Dist. LEXIS 7750, at *4 (C.D. Cal. 2002).

7.    Complete diversity exists between the parties to this action.  Medtronic is now, and at the time of the filing of this action was, a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota. *See also* Exhibit A at ¶6.  Defendant Medtronic is thus a citizen of Minnesota. *See also Branson v. Medtronic, Inc.*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094 at * 4 (M.D. Fla. Jan. 18, 2007) (denying plaintiff's motion to remand following removal by Medtronic on the ground that Medtronic's principal place of business is Minnesota).

8.    Upon information and belief, plaintiffs Don McCovey and Dawn Heckel are citizens and residents of California. *See* Exhibit A at ¶¶ 1-2.

9.    Upon information and belief, none of the Doe defendants have been substituted with any named defendants or been served with process in the state court action.  For

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Notice Of Removal Of Action Pursuant To 28 U.S.C. § 1332 And § 1441

1   purposes of removal, "the citizenship of defendants sued under fictitious names shall be

2   disregarded." 28 U.S.C. §1441(a); *accord Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th

3   Cir. 2002); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Therefore, the

4   citizenship of the Doe Defendants should be disregarded for purposes of diversity.

5

6           10.     Because plaintiffs are citizens of California and Medtronic is a citizen of

7   Minnesota, complete diversity exists in this action.

8

9                   AMOUNT IN CONTROVERSY

10

11          11.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

12  Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based

13  on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  Where, as here,

14  plaintiffs' alleged damages are not specified in the complaint, the District Court "may examine facts

15  in the complaint and evidence submitted by the parties." *Cucci v. Edwards,* 510 F. Supp. 2d 479,

16  485 (C.D. Cal. 2007).  For purposes of determining whether the jurisdictional amount has been met,

17  "a court must assume that the allegations of the complaint are true and assume that a jury will return

18  a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Tr. v. Morgan*

19  *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotation omitted).

20

21          12.     Here, the allegations in the complaint demonstrate that the amount in

22  controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs allege that Medtronic's

23  product — a medical device implanted in plaintiffs' decedent, Maxine Heckel — "failed to

24  administer life-saving treatment which resulted in [decedent's] death."  Compl. at ¶ 14.  Plaintiffs

25  further allege that "Plaintiffs have suffered injuries, including physical, mental [pain] and suffering,

26  and economic losses."  *Id.* at 18.  Furthermore, plaintiffs pray for general and special damages,

27  restitution, disgorgement of profits, compensatory damages, and exemplary and punitive damages.

28  Exh. A at p.14 (Prayer for Relief).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

13.    The severity of physical and emotional harm alleged by plaintiffs, the alleged accumulation of expenses, the request for restitution and disgorgement, and the demand for punitive damages establish that the $75,000 amount in controversy requirement, exclusive of interest and costs, is satisfied here. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement met where plaintiff alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" as a result of heart failure allegedly caused by the defendant); *Evans v. CDX Servs., LLC*, No. 5:06-cv-259, 2007 U.S. Dist. LEXIS 361, at *16 (S.D. W.Va. Jan. 4, 2007) (denying remand where plaintiffs alleged injury but did not specify damages) ("When the Court 'considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied'"); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (finding it "facially apparent" that plaintiff's wrongful termination claim exceeded $75,000 based on claims for loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress, attorney fees, punitive damages, etc.).

14.    Because both of the requirements for federal diversity jurisdiction are satisfied, this case is properly removed to this Court.

WHEREFORE, Notice is given that this action is removed from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

Dated: May 2, 2008.                    REED SMITH LLP

                                       By _____ / EM
                                          Michael K Brown
                                          Sonja S. Weissman
                                          Ginger Heyman Pigott
                                          Dana A. Blanton
                                          Attorneys for Defendant
                                          Medtronic, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 4 -

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT**
*(AVISO AL DEMANDADO):*
Medtronic, Inc. and does one through fifteen,
inclusive

[X] DOES 1 TO 15

**YOU ARE BEING SUED BY PLAINTIFF**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Don McCovey and Dawn Heckel

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER
*(Número)* CGC-08-471879

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RACHEL ABRAMS
HERSH & HERSH
601 VAN NESS AVENUE, SUITE 2080
SAN FRANCISCO, CA 94102

CALIFORNIA STATE BAR NO.: 209316
TELEPHONE NO.: (415) 441-5544
FACSIMILE NO.: (415) 441-7586

DATE: FEB 0 6 2008    Gordon Park-Li    Clerk, by    D. STEPPE    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Medtronic, INC.
   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
2877

*MacForms (509) 535-4382*



NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
HERSH & HERSH
A Professional Corporation
2080 Opera Plaza
601 Van Ness Avenue
San Francisco, CA 94102-6388
Telephone: (415) 441-5544
Facsimile: (415) 441-7586

Attorneys for Plaintiffs

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 FEB -6 PM 2: 39

GORDON PARK - LI, CLERK
D. STEPPE
BY: _____
DEPUTY CLERK

CASE MANAGEMENT CONFERENCE SET

JUL 1 1 2008 -9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CGC-08-471879

DON McCOVEY and DAWN HECKEL,

           Plaintiffs,

v.

MEDTRONIC, INC. and DOES ONE through FIFTEEN, inclusive,

           Defendants.

Case No.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs DON McCOVEY and DAWN HECKEL, by and through undersigned counsel, for causes of action against Defendant MEDTRONIC, INC. (hereinafter "Medtronic") make the following allegations based upon their personal knowledge, information and belief, as well as upon their attorneys' investigative efforts:

**PARTIES**

1.    Plaintiff DON McCOVEY at all times relevant herein, was and is a resident of the State of California.

- 1 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSH AND HERSH
A Professional Corporation

2.  Plaintiff DAWN HECKEL at all times relevant herein, was and is a resident of the State of California.

3.  Plaintiffs' decedent MAXINE HECKEL was a resident of the State of California.

4.  On July 29, 2005, Plaintiffs' decedent was implanted with a Medtronic MARQUIS MAXIMO VR Implantable Cardioverter Defibrillator (hereinafter "ICD"). Plaintiffs' decedent's ICD failed causing her death.

5.  Defendant Medtronic developed, tested, marketed, and sold the Medtronic MARQUIS MAXIMO VR ICD and other ICDs and cardiac resynchronization therapy defibrillators (hereinafter CRT-Ds) directly and through wholly owned operating divisions and subsidiaries.

6.  At all times relevant herein, Medtronic Corporation was and is a Minnesota corporation with its principal place of business located at 710 Medtronic Parkway, Minneapolis, Minnesota. Medtronic maintains manufacturing, service, and/or research and development facilities in the State of California.

### FACTUAL ALLEGATIONS

7.  Medtronic designs, develops, manufactures, distributes, markets, supplies and sells products that focus on the treatment of cardiac arrhythmia, heart failure and coronary and peripheral disease. One product line consists of ICDs and CRT-Ds used to detect and treat abnormally fast heart rhythms (tachycardia) or irregular heartbeats that could result in sudden cardiac death. An ICD is designed to be inserted under the skin and to shock the heart back into a normal rhythm when it starts beating irregularly. A CRT-D provides electrical pulses to the heart in the event of heart failure.

8.  Medtronic designed, developed, manufactured, distributed, marketed, supplied and sold ICDs and CRT-Ds under the brand names of InSync III Protect, In Sync

HERSH AND HERSH
A Professional Corporation

I/II/III Marquis, Marquis VD/DR, including the MARQUIS MAXIMO VR ICD, nationwide and in the State of California.

9. The aforesaid ICDs and CRT-Ds are operated by a battery contained within the device.

10. For a period of time believed to extend from 2001 until 2003, Medtronic placed a defective battery in the aforesaid ICDs and CRT-Ds, which led to shorting of the battery. This battery shorting action found to occur in the ICDs and CTR-Ds causes rapid battery depletion within a few hours to a few days. Should the batteries deplete, the ICD or CRT-D ceases to function, putting the recipient at severe risk of serious injury or loss of life when a heart disturbance occurs.

11. In February 2005, Medtronic disclosed to physicians and to the Food and Drug Administration the existence, but not the magnitude of, the battery shorting action in the aforesaid ICDs and CRT-Ds, a condition which of which they were aware for a period of time.

12. This case involves, *inter alia*, Medtronic's failure to warn doctors and patients of information within its knowledge or possession or both, indicating that the subject ICDs and CRT-Ds, including Plaintiff's ICD, were affected by a battery shorting action making them unreasonably dangerous, unfit for their intended use, and that they posed health risks, including risk of serious injury or death to the ICD recipients.

13. Medtronic placed the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD into the stream of interstate and worldwide commerce.

14. Plaintiffs' decedent MAXINE McCOVEY had Medtronic's MARQUIS MAXIMO VR ICD, Model 7232 implanted on July 29, 2005. On September 24, 2005, Plaintiffs' decedent MAXINE McCOVEY's MARQUIS MAXIMO VR ICD, Model 7232 failed to administer life-saving treatment which resulted in her death.

- 3 -

15. Plaintiffs' decedent MAXINE McCOVEY's MARQUIS MAXIMO VR ICD, Model 7232 was explanted after her death and sent to Medtronic.

16. On May 17, 2006, Medtronic detailed in correspondence to Plaintiffs' decedent's ICD implanting physician, Eric Pena, M.D. it's evaluation of Plaintiffs' decedent's explanted MARQUIS MAXIMO VR ICD, Model 7232. Medtronic's own evaluation of Plaintiffs' decedent's MARQUIS MAXIMO VR ICD revealed ICD defects which resulted in ICD failure which resulted in Plaintiffs' decedent MAXINE McCOVEY's death.

17. At no time prior to this May 17, 2006 correspondence from Medtronic, did Plaintiffs have reason to know the true cause of Plaintiffs' decedents death.

18. As a direct and proximate result of Medtronic placing the aforesaid ICD into the stream of commerce, Plaintiffs' decedent suffered injuries and death and Plaintiffs have suffered injuries, including physical, mental plain and suffering, and economic losses.

### FIRST CAUSE OF ACTION
### [Strict Liability - Failure To Warn]

19. Plaintiffs hereby incorporate by reference as if fully set forth herein each and every allegation set forth above, inclusive, of this Complaint.

20. Medtronic developed, manufactured, marketed, and distributed ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, for sale, and sold them in the course of their business and continued to do so even after acquiring knowledge that the defective batteries in the devices could short-circuit and cause recipients serious injuries or death.

21. At all times herein mentioned, the MARQUIS MAXIMO VR ICD implanted in Plaintiffs' decedent was unreasonably dangerous when implanted due to the possibility of a cardiac failure resulting from short-circuit.

-4-

22.  At all times herein mentioned, the MARQUIS MAXIMO VR ICD implanted in Plaintiffs' decedent was defective in that it was not accompanied by proper warnings regarding all known or scientifically knowable adverse side effects associated with its use, and given the severity of the adverse effects, the warnings given did not accurately reflect the severity of the adverse effects. The reasonably foreseeable use of the products involved substantial dangers not readily recognizable by the ordinary recipient of the product.  Medtronic failed to warn of the known or knowable likelihood of injuries, including but not limited to, the likelihood the recipient would develop serious and permanent injuries, including increased risk of death, and would necessitate ICD or CRT-D removal and revision.

23.  At all times herein mentioned, the MARQUIS MAXIMO VR ICD implanted in Plaintiffs' decedent was also defective in that the product manufactured and distributed differed from the manufacturer's intended results.  These defects caused serious injuries and death to the recipient when used in its intended and foreseeable manner, i.e., when it was implanted into the patient, and in the manner recommended by Medtronic.

24.  Plaintiffs did not know, nor have reason to know, at the time of the use of the aforesaid ICD, or at any time prior thereto, of the existence of the foregoing described defects.  These defects caused the herein described injuries and death to Plaintiffs' decedent.

25.  As a direct and proximate result of Medtronic's failure to warn of this serious risk, Plaintiffs' decedent died and Plaintiffs have suffered damages.  Specifically, as a result of having a MARQUIS MAXIMO VR ICD, Plaintiffs' decedent suffered injuries and death.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

- 5 -

## SECOND CAUSE OF ACTION
### [Negligence]

26.  Plaintiffs hereby incorporate by reference as if fully set forth herein each and every allegation set forth above, inclusive, of this Complaint.

27.  Medtronic was negligent in the design, manufacture, testing, advertising, marketing, promotion, labeling, failure to warm, and sale of its ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD.

28.  At all times herein mentioned, Medtronic had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain and prepare for use and sell the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD.

29.  At all times herein mentioned, Medtronic knew, or in the exercise of reasonable care should have known, that the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD,  were of such a nature that if they were not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold and prepared they were likely to injure the recipient of said ICDs.

30.  Medtronic negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, examined and failed to examine the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, that they were dangerous and unsafe for the use and purpose for which they were intended and were likely to injure the recipient of said products.

31.  As a result of the aforesaid carelessness and negligence of Medtronic, the MARQUIS MAXIMO VR ICD was implanted in Plaintiffs' decedent caused severe injury

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

to Plaintiffs' decedent's body and caused her death and thereby caused Plaintiffs to sustain damages and injuries as herein alleged.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION
### [Breach Of Implied Warranties]

32. Plaintiffs hereby incorporate by reference as if fully set forth herein each and every allegation set forth above, inclusive, of this Complaint.

33. At all times herein mentioned, Medtronic manufactured, compounded, packaged, distributed, recommended and promoted the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, as hereinabove described, and prior to the time that the said product was used by Plaintiffs' decedent, Medtronic impliedly warranted to Plaintiffs' decedent and Plaintiffs that said ICDs and CRT-Ds were of merchantable quality and safe for the use for which they were intended.

34. Plaintiffs' decedent and Plaintiffs relied on the skill and judgment of Medtronic in using the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD.

35. Said ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, were not safe for their intended use, nor were they of merchantable quality, as warranted by Medtronic, in that they had very dangerous propensities when put to their intended use and would cause severe injury to the recipient. The aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, did cause the Plaintiffs to sustain damages and injuries as herein alleged, including Plaintiffs' decedent's death.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

36.     After Plaintiffs were made aware that Plaintiffs' decedent's injuries and death were a result of the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, notice was duly given to Medtronic of the breach of said warranty.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### [Breach Of Express Warranty]

37.     Plaintiffs hereby incorporate by reference as if fully set forth herein each and every allegation set forth above, inclusive, of this Complaint.

38.     The aforementioned manufacturing, compounding, packaging, designing, distributing, testing, constructing, fabricating, analyzing, recommending, and promoting by Medtronic of the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, were expressly warranted to be safe for Plaintiffs' decedent and other members of the general public.

39.     At the time of making said express warranties, Medtronic had knowledge of the purpose for which the aforesaid ICDs and CRT-Ds, including the Marquis DR 7274, were to be used and warranted the same to be, in all respects, fit, safe, effective and proper for such purpose.

40.     Plaintiffs' decedent and Plaintiffs reasonably relied upon the skill and judgment of Medtronic, and upon said express warranty, in using the MARQUIS MAXIMO VR ICD. The said warranty and representations were untrue in that the MARQUIS MAXIMO VR ICD implanted in Plaintiffs' decedent caused severe injury and death to Plaintiffs' decedent and was unsafe and are, therefore, unsuited for the use for which they were intended, and could and did thereby cause Plaintiffs to sustain damages and injuries as herein alleged.

- 8 -

HERSH AND HERSH
A Professional Corporation

41.    As soon as the true nature of the products, and the fact that the warranty and representations were false, were ascertained, Medtronic was notified of the breach of said warranty.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### [Fraud]

42.    Plaintiffs hereby incorporate by reference as if fully set forth herein each and every allegation set forth above, inclusive, of this Complaint.

43.    Medtronic, while in possession of unique and pertinent information involving the safety and mechanical reliability of its products, presented the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, as mechanically sound and failed to warn of its inherent defects. Medtronic suppressed this information and continued sales and marketing of the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, to the general public. Medtronic knew or should have known Plaintiffs' decedent and other ICD or CRT-D recipients had no reasonable means, other than Medtronic's full, accurate, and objective disclosure, of obtaining the relevant information.

44.    Through its unique knowledge and expertise regarding the affected nature of the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, and through its statements to physicians and their patients in advertisement, promotional materials, and other communications, Medtronic professed and affirmed to Plaintiffs' decedent and Plaintiffs and other ICD or CRT-D recipients its knowledge of the truth of the representation that the aforesaid ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, were safe for their intended use and were free from defects.

- 9 -

45.    Medtronic's misrepresentations and omissions were made intentionally to induce Plaintiffs' decedent and other ICD recipients to purchase Medtronic ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, in order to reap the high profit margin relating to Medtronic's affected ICDs and CRT-Ds.

46.    Medtronic's conduct took unconscionable advantage of its dominant position of knowledge, engaging in fraud in its relationship with Plaintiffs' decedent and other ICD and CRT-D recipients. Misled by the veil of fraud, Plaintiffs' decedent and other ICD and CRT-D recipients relied on Medtronic's representations.

47.    As a result of Medtronic's fraud and deceit, Plaintiffs' decedent died and Plaintiffs sustained and will continue to sustain severe damages and therefore entitled to relief according to proof.

48.    In committing the acts herein alleged, Medtronic acted with oppression, fraud, and malice, and Plaintiffs are therefore entitled to punitive damages to deter Medtronic and others from engaging in similar conduct in the future.    Said wrongful conduct was done with the advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of Medtronic.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### [Fraud By Concealment]

49.    Plaintiffs hereby incorporate by reference as if fully set forth herein each and every allegation set forth above, inclusive, of this Complaint.

50.    Medtronic had a duty to disclose the defects in the design and/or manufacture of the ICDs and CRT-Ds, including MARQUIS MAXIMO VR ICD, as soon as such defects became known to Medtronic.

- 10 -

51.    Medtronic knew or should have known that Plaintiffs' decedent and Plaintiffs would rely on Medtronic to disclose any defects in the design and/or manufacture of ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, as soon as such defects became known to Medtronic.

52.    Medtronic did not disclose the defects in the design and/or manufacture of the ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, to Plaintiffs' decedent or Plaintiffs' decedent's physician when such defects became known to Medtronic.

53.    Medtronic had superior knowledge concerning the defects in the design and/or manufacture of the ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, and Plaintiffs' decedent had no reasonable opportunity to discover or otherwise learn of the defects without disclosure by Medtronic.

54.    But for Medtronic's fraudulent concealment of the facts known to Medtronic concerning the defects in the design and/or manufacture of the ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, Plaintiffs' decedent would not have purchased the defective MARQUIS MAXIMO VR ICD nor would Plaintiffs' decedent have allowed the MARQUIS MAXIMO VR ICD to be implanted into her body.

55.    Plaintiffs' decedent and Plaintiffs reasonably relied on Medtronic to disclose material defects in the ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, known to Medtronic before the MARQUIS MAXIMO VR ICD was sold to Plaintiffs' decedent and before the MARQUIS MAXIMO VR ICD was implanted into Plaintiffs' decedent's body.

56.    As a result of Medtronic's fraudulent concealment, Plaintiffs' decedent died has sustained and will continue to sustain severe damages and therefore entitled to relief according to proof.

- 11 -

HERSH AND HERSH
A Professional Corporation

57.   In committing the acts herein alleged, Medtronic acted with oppression, fraud, and malice, and Plaintiffs is therefore entitled to punitive damages to deter Medtronic and others from engaging in similar conduct in the future.  Said wrongful conduct was done with the advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of Medtronic.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### [Negligent Misrepresentation]

58.   Plaintiffs hereby incorporate by reference as if fully set forth herein each and every allegation set forth above, inclusive, of this Complaint.

59.   Medtronic made misrepresentations and omissions of material facts, including, but not limited to:

a.    That the affected ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, were fit for their intended use.

b.    That the affected ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, were of merchantable quality.

c.    That the affected ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, were safe and efficacious in the treatment of the medical conditions of Plaintiffs' decedent and other recipients.

d.    That the affected ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, would function as intended when necessary.

e.    That the affected ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, were defective, such that the affected ICDs would short circuit and fail to function as intended.

- 12 -

HERSH AND HERSH
A Professional Corporation

f. That the affected ICDs and CRT-Ds, including the MARQUIS MAXIMO VR ICD, were inherently dangerous.

60. These misrepresentations and/or omissions were false and misleading at the time they were made.

61. Medtronic negligently and carelessly made the foregoing misrepresentations without a basis and did not possess information on which to accurately base those representations.

62. Medtronic was aware that it did not possess information on which to accurately base the foregoing representations and concealed from Plaintiffs' decedent that there was no reasonable basis for making said representations herein.

63. When Medtronic made the foregoing representations, they knew or should have known them to be false.

64. In reliance upon the foregoing misrepresentations by the Medtronic, Plaintiffs' decedent was induced to and did subject herself to the use of the ICD. If Plaintiffs' decedent had known of the true facts, she would not have taken such action and risk. The reliance of Plaintiffs' decedent on Medtronic's misrepresentations and omissions was reasonable because said representations were made by individuals and entities who are in a position to know the true facts.

65. As a result of the foregoing negligent misrepresentations by Medtronic, Plaintiffs' decedent died and Plaintiffs suffered and will continue to suffer injuries and damages as herein alleged.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

//

//

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.  For general damages in a sum within the jurisdiction of this Court;

2.  For special damages in a sum within the jurisdiction of this Court;

3.  For pre-judgment and post-judgment interest on the above general and special damages;

4.  For restitution and disgorgement of profits;

5.  For compensatory and other damages, as the Court may determine;

6.  For exemplary and punitive damages, to the extent permissible by law and in an amount to be proven at the time of trial, and sufficient to punish Defendants or to deter them and other from repeating the injurious conduct alleged herein or similar conduct;

7.  Costs, including experts' fees and attorneys' fees and expenses, and the costs of prosecuting this action; and

8.  Such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as to all claims triable in this action.

Dated: February 6, 2008

HERSH & HERSH
A Professional Corporation


By
RACHEL ABRAMS
Attorney for Plaintiffs

- 14 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**EXHIBIT  B**

1   Sonja S. Weissman (SBN 154320)
    Dana A. Blanton (SBN 232373)
2   REED SMITH LLP
    1999 Harrison St., Suite 2400
3   Oakland, CA 94612
    Telephone:    510.763.2000
4   Facsimile:    510.273.8832
    Email: sweissman@reedsmith.com;
5   dblanton@reedsmith.com

6   Michael K. Brown (SBN 104252)
    Ginger Heyman Pigott (SBN 162908)
7   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
8   Los Angeles, CA 90071
    Telephone:    213.457.8000
9   Facsimile:    213.457.8080
    Email: mkbrown@reedsmith.com;
10  gheyman@reedsmith.com

11  Attorneys for Defendant
    Medtronic, Inc.

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                    FOR THE COUNTY OF SAN FRANCISCO

15

16

17  DON McCOVEY and DAWN HECKEL,          Case No.: CGC-08-471879

18              Plaintiffs,               **DEFENDANT MEDTRONIC, INC.'S
                                          ANSWER TO PLAINTIFFS' COMPLAINT
19  vs.                                   AND DEMAND FOR JURY TRIAL**

20  MEDTRONIC, INC. and DOES 1 through 15,   Compl. Filed:    February 6, 2008
    inclusive,

21              Defendants.

22

**FILED**
San Francisco County Superior Cour

MAY 0 1 2008

GORDON PARK-LI, Clerk
BY: _____
                Deputy Clerk

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

23

24

25

26

27

28

1    Defendants Medtronic, Inc. (referred to as "Medtronic") answers the Complaint For

2    Damages and Demand for Jury Trial ("Complaint") of Plaintiffs Don McCovey and Dawn Heckel

3    (collectively referred to as "Plaintiffs") as follows:

4

5                                          **GENERAL DENIAL**

6

7        Answering Plaintiffs' unverified Complaint, Medtronic denies each and every allegation

8    contained therein and denies that by reason of any act or omission by Medtronic, its agents,

9    employees, or independent contractors, Plaintiffs were injured or damaged in any sum, or at all.

10

11                                       **AFFIRMATIVE DEFENSES**

12

13       Medtronic, while reserving the right to assert other defenses as discovery proceeds, and

14   without assuming the burden of proof when the burden of proof rests on Plaintiffs, asserts the

15   following separate and independent affirmative defenses in further opposition to the Complaint:

16

17                                  **FIRST AFFIRMATIVE DEFENSE**

18

19       Plaintiffs' Complaint, and each count and claim contained therein, fails to state a claim upon

20   which relief can be granted.

21

22                                 **SECOND AFFIRMATIVE DEFENSE**

23

24       Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation,

25   including without limitation, Code of Civil Procedure Sections 335.1, 337, and 399.

26

27

28
                                              - 1 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**THIRD AFFIRMATIVE DEFENSE**

2

3    Plaintiffs' claims are barred, in whole or in part, by the doctrines of consent, waiver,

4    estoppel, unclean hands, and/or laches.

5

6    **FOURTH AFFIRMATIVE DEFENSE**

7

8    Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata, collateral

9    estoppel, issue preclusion and/or claim preclusion.

10

11    **FIFTH AFFIRMATIVE DEFENSE**

12

13    Plaintiffs' claims are barred, in whole or in part, because the Food and Drug Administration

14    has exclusive or primary jurisdiction over the matters asserted in the Complaint.

15

16    **SIXTH AFFIRMATIVE DEFENSE**

17

18    Plaintiffs' claims are preempted, in whole or in part, by federal laws and regulations,

19    including without limitation those governing the labeling, advertisement and sale of medical devices.

20

21    **SEVENTH AFFIRMATIVE DEFENSE**

22

23    Plaintiffs' claims are preempted, in whole or in part, by the deference state law gives to

24    discretionary actions by the Food and Drug Administration under the Food, Drug and Cosmetic Act,

25    and the Medical Device Amendments thereto.

26

27

28

- 2 -

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because there is no private right of action under the Food, Drug and Cosmetic Act for claims such as those asserted by Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because at all times relevant to the Complaint, Medtronic met or exceeded the requisite standard of care.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Medtronic did not owe any duty to Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because no act or omission on Medtronic's part caused or contributed to the alleged injuries and damages described in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' and decedent's alleged injuries, if any, were the result of intervening and/or superseding causes.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' and/or decedent's comparative

- 3 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    or contributory fault or negligence.

2

3                          **FOURTEENTH AFFIRMATIVE DEFENSE**

4

5        Plaintiffs' claims are barred, in whole or in part, because no action or inaction by Medtronic

6    was the proximate cause of Plaintiffs' or decedent's alleged damages, if any.

7

8                          **FIFTEENTH AFFIRMATIVE DEFENSE**

9

10       Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' and decedent's alleged

11   damages, if any, were caused in whole or in part by the acts or omissions of Plaintiffs, decedent or

12   third parties over whom Medtronic had no control or authority.

13

14                          **SIXTEENTH AFFIRMATIVE DEFENSE**

15

16       Plaintiffs' claims are barred, in whole or in part, because decedent assumed the risk of her

17   alleged injuries, if any, and engaged in the activities alleged in the Complaint after giving her

18   informed consent.

19

20                        **SEVENTEENTH AFFIRMATIVE DEFENSE**

21

22       Plaintiffs' claims are barred, in whole or in part, by the learned intermediary doctrine,

23   because Medtronic provided adequate warnings to learned intermediaries.

24

25                          **EIGHTEENTH AFFIRMATIVE DEFENSE**

26

27       Plaintiffs' claims are barred, in whole or in part, because any alleged injuries or damages

28   sustained by Plaintiff may have been caused by the misuse or abuse of Medtronic's products by

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

decedent or other persons.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Medtronic's products may have been substantially changed after they left Medtronic's control and before Plaintiffs suffered any alleged injuries or damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries or damages sustained by decedent may have been caused by the alteration and/or method of implantation and/or maintenance of Medtronic's products after they left Medtronic's control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries or damages sustained by decedent may have been the direct result of decedent's pre-existing medical conditions, sub-medical conditions, natural causes, or the result of other circumstances over which Medtronic had no control and for which Medtronic is not responsible.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries or damages sustained by Plaintiffs may be the result of an unforeseeable series of events over which Medtronic had no control, and as such, constitutes acts of God for which Medtronic cannot be held liable.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 5 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries or damages sustained by Plaintiffs may be the result of idiosyncratic reactions by decedent or plaintiffs that were not reasonably foreseeable and for which Medtronic cannot be held liable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the risks associated with the use of the medical devices at issue, if any, are outweighed by the utility and benefits such devices provide.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the medical device at issue was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the methods, standards and techniques of designing, manufacturing and labeling the medical devices at issue complied with and conformed to the generally recognized state of the art at the time such devices were designed, manufactured and labeled.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to assert a feasible safer design for Medtronic's products alleged to be defective.

- 6 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

3    Plaintiffs' claims are barred, in whole or in part, because Medtronic acted reasonably and in

4    good faith at all times material herein, based on all relevant facts and circumstances known by

5    Medtronic at the time it acted.

6

7

## TWENTY-NINTH AFFIRMATIVE DEFENSE

8

9    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or decedent did not

10   rely reasonably on any act, omission or representation made by Medtronic.

11

12

## THIRTIETH AFFIRMATIVE DEFENSE

13

14   Plaintiffs' claims are barred, in whole or in part, because there was no defect in the device at

15   issue at the time it left Medtronic's possession.

16

17

## THIRTY-FIRST AFFIRMATIVE DEFENSE

18

19   Plaintiffs' claims are barred, in whole or in part, because to the extent Plaintiffs allege that

20   Medtronic failed to warn about alleged defects in the device at issue or other alleged causes of

21   Plaintiffs' injuries or damages, if any, the doctors and other health care providers associated with the

22   device were or should have been aware of any risks or hazards associated with it, and to the extent

23   that such doctors and health care providers failed to advise, inform or warn decedent of such risks or

24   hazards, Medtronic cannot be held responsible.

25

26

## THIRTY-SECOND AFFIRMATIVE DEFENSE

27

28   Plaintiffs' claims are barred, in whole or in part, to the extent that they have failed to plead

- 7 -

1    actual injury.

2

3                 **THIRTY-THIRD AFFIRMATIVE DEFENSE**

4

5       Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries are too

6    remote from Medtronic's conduct to state a claim.

7

8                 **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

9

10       Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

11

12                 **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

13

14       Medtronic adopts and incorporates by reference as if fully set out herein any and all defenses

15    which are or may become available to it under the Restatement (Second) of Torts § 402A and all

16    comments thereto, and the Restatement (Third) of Torts §§ 1-21 and comments thereto.

17

18                 **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

19

20       Plaintiffs' claims are barred, in whole or in part, by the principles set forth in the Restatement

21    (Second) of Torts § 388, Comment n, and any similar doctrines and/or principle in the Restatement

22    (Third) of Torts.

23

24                 **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

25

26       Plaintiffs' claims are barred, in whole or in part, by the principles set forth in the Restatement

27    (Second) of Torts § 402A, Comment k, and the Restatement (Third) of Torts: Products Liability § 6.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because to the extent Plaintiffs alleges failure to warn by Medtronic, the doctors and other health care providers who were associated with the device at issue, or were or should have been aware of any risk and/or hazard that Plaintiffs allege rendered the device defective and allegedly caused Plaintiffs' damages, if any, failed to warn Plaintiffs and/or decedent of such risks and/or hazards.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty-based claims are barred, in whole or in part, because Medtronic did not make or breach any warranties that are applicable to Plaintiffs or decedent.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' warranty-based claims are barred, in whole or in part, by Plaintiffs' failure to give proper or timely notice of any alleged defect or breach of warranty.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' warranty-based claims are barred, in whole or in part, because neither Plaintiffs nor decedent were in privity with Medtronic.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' warranty-based claims are barred, in whole or in part, by any and all express conditions, disclaimers, modifications or exclusions made by Medtronic.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' warranty-based claims are barred, in whole or in part, by Plaintiffs' or decedent's lack of reliance on any such warranties.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty-based claims are barred, in whole or in part, by Plaintiffs' or decedent's failure to satisfy all conditions precedent or subsequent to the enforcement of any such alleged warranties.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the promotion of products sold or manufactured by Medtronic is protected by the First Amendment of the United States Constitution and similar provisions in applicable state constitutions.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they lack standing to pursue the claims alleged against Medtronic.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Medtronic did not violate any statute or law, as alleged by Plaintiffs.

Defendant Medtronic, Inc.'s Answer to Plaintiffs' Complaint and Jury Demand

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Because Plaintiffs have failed to plead fraud claims with particularity, their fraud claims must be dismissed.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Medtronic is entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of any state whose substantive law controls the action.

### FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitation of awards, caps on recovery and setoffs.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already indemnified Plaintiffs, or will in the future with reasonable certainty indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source including but not limited to insurance, social security, workers' compensation or employee benefit programs.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

In the event that Plaintiffs have sustained damages as alleged in the Complaint, which Medtronic denies, discovery or investigation may reveal that Plaintiffs' claims are barred or reduced

- 11 -

1    to the extent Plaintiffs or decedent failed to mitigate any damages allegedly sustained.

2

3                         **FIFTY-THIRD AFFIRMATIVE DEFENSE**

4

5        Plaintiffs are not entitled to attorneys' fees under any act or theory forming the basis of any

6    of Plaintiffs' claims.

7

8                         **FIFTY-FOURTH AFFIRMATIVE DEFENSE**

9

10       Medtronic alleges that the provisions of Civil Code Section 1431.2 are applicable to the

11   Complaint and each cause of action therein.

12

13                        **FIFTY-FIFTH AFFIRMATIVE DEFENSE**

14

15       Medtronic alleges that each of the other parties, and/or third persons not parties to this action,

16   may have been negligent or legally responsible or otherwise at fault for the damages alleged in

17   Plaintiffs' Complaint.  Medtronic, therefore, requests that in the event of a finding of any liability in

18   favor of Plaintiffs or settlement or judgment against Medtronic, an apportionment of fault be made

19   among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 13 Cal. 3d 804

20   (1975).  Medtronic further requests a judgment and declaration of partial indemnification and

21   contribution against all other parties or person in accordance with the apportionment of fault.

22

23                        **FIFTY-SIXTH AFFIRMATIVE DEFENSE**

24

25       Medtronic alleges that the State of California's judicially created definitions of manufacturing

26   defect and design defect and standards for determining whether there has been an actionable failure

27   to warn are unconstitutional in that, among other things, they are void for vagueness and place an

28   undue burden upon interstate commerce, as well as constitute an impermissible effort to regulate in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    an area that has previously been preempted by the federal government.

2

3    **FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

4

5    Plaintiffs' claims are barred, in whole or in part, because all acts or omissions by Medtronic

6    (or its agent or representative) were privileged or justified.

7

8    **FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

9

10   Plaintiff's claims are barred, in whole or in part, by the express preemption clause of the

11   Medical Device Amendments of 1976, 21 U.S.C. § 360c et seq., which expressly preempts state

12   requirements that are "different from, or in addition to" the requirements imposed by federal law.  21

13   U.S.C. § 360k(a)(1); *Riegel v. Medtronic, Inc.*, 552 U.S. ___, 128 S. Ct. 999, 1002, 1011 (2008).

14

15   **FIFTY-NINTH AFFIRMATIVE DEFENSE**

16

17   Medtronic hereby gives notice that it intends to rely upon any other defenses that may

18   become available or apparent during the discovery proceedings in this matter and hereby reserves its

19   right to amend its Answer to assert any such defense.

20

21   WHEREFORE, Medtronic requests:

22

23   1.    That Plaintiffs take nothing by the Complaint;

24

25   2.    A dismissal of the Complaint with prejudice and an award of Medtronic's reasonable

26   attorneys' fees to the extent permitted by law;

27

28   3.    Judgment in favor of Medtronic and against Plaintiffs;

- 13 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1      4.      Costs of suit herein; and

2

3      5.      Such other and further relief that the Court may deem just and proper.

4

5  DATED: May 1, 2008.           REED SMITH LLP

6

7                              By _____
                               Sonja S. Weissman

8                               Dana A. Blanton
                             Attorneys for Defendant

9                               Medtronic, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Defendant Medtronic, Inc.'s Answer to Plaintiffs' Complaint and Jury Demand

# REQUEST FOR JURY TRIAL

Answering Defendant respectfully requests a trial by jury on all causes of action and issues on which Answering Defendant is entitled to a jury trial.

DATED:  May 1, 2008.

REED SMITH LLP

By _____
Sonja S. Weissman
Dana A. Blanton
Attorneys for Defendant
Medtronic, Inc.

DOCSOAK-9907076.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant Medtronic, Inc.'s Answer to Plaintiffs' Complaint and Jury Demand

1

## PROOF OF SERVICE

2        I am a resident of the State of California, over the age of eighteen years, and not a

3    party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite

4    2400, Oakland, CA 94612. On May 1, 2008, I served the following document(s) by the method

5    indicated below:

6

7    **DEFENDANT MEDTRONIC, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND
     DEMAND FOR JURY TRIAL**

8    ☐    by transmitting via facsimile on this date from fax number +1 510 273 8832 the document(s)
          listed above to the fax number(s) set forth below. The transmission was completed before
9         5:00 PM and was reported complete and without error. The transmission report, which is
          attached to this proof of service, was properly issued by the transmitting fax machine.
10        Service by fax was made by agreement of the parties, confirmed in writing. The transmitting
          fax machine complies with Cal.R.Ct 2003(3).

11

12   ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully
          prepaid, in the United States mail at Oakland, California addressed as set forth below. I am
13        readily familiar with the firm's practice of collection and processing of correspondence for
          mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same
14        day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
          motion of the party served, service is presumed invalid if the postal cancellation date or
15        postage meter date is more than one day after the date of deposit for mailing in this
          Declaration.

16   ☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal
          delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof
17        of service by the process server or delivery service will be filed shortly.

18   ☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set
          forth below.

19

20   ☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
          express mail service for guaranteed delivery on the next business day following the date of
21        consignment to the address(es) set forth below. A copy of the consignment slip is attached to
          this proof of service.

22   ☐    by transmitting via email to the parties at the email addresses listed below:

23

24   Rachel Abrams
     Hersh & Hersh
25   601 Van Ness Avenue, Suite 2080
     San Francisco, CA 94102
26   Telephone: (415) 441-5544
     Fax: (415) 441-7586

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. May 1, 2008, at Oakland, California.

Trisha Suzette Hooper

DOCSOAK-9907345.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware