Sonja S. Weissman (SBN 154320)
Dana A. Blanton (SBN 232373)
REED SMITH LLP
1999 Harrison St., Suite 2400
Oakland, CA 94612
Telephone:   510.763.2000
Facsimile:   510.273.8832
Email:  sweissman@reedsmith.com;
dblanton@reedsmith.com

Michael K. Brown (State Bar No. 104252)
Ginger Heyman Pigott (State Bar No. 162908)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:   213.457.8000
Facsimile:   213.457.8080
Email:  mkbrown@reedsmith.com;
gheyman@reedsmith.com

Alison B. Riddell (State Bar No. 246120)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone:   415.543.8700
Facsimile:   415.391.8269

Attorneys for Defendant
Medtronic, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON McCOVEY and DAWN HECKEL, | No. 3:08-cv-02287-PJH |
| Plaintiffs, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| vs. | |
| MEDTRONIC, INC. and DOES 1 through 15, inclusive, | |
| Defendants. | |

WHEREAS, during the course of this action, the parties or others may be required to produce in discovery information which a party or the person or entity from whom discovery is sought considers to be confidential business information, confidential and proprietary intellectual property, confidential technical information, confidential clinical trial and other information subject to privacy protection under applicable constitutional and statutory law, confidential information pertaining to the financial affairs of the parties and the method(s) by which the parties conduct their business, non-public, proprietary or trade secret, or other confidential information (collectively "Confidential Information" as further defined below); and

WHEREAS, the parties hereto desire to agree to a protective order for the protection of confidential information during the pendency of this action and thereafter, and also for resolution of other issues which have or may arise in connection with this litigation;

THEREFORE, IT IS ORDERED that:

1. **Terms**: The terms defined in this Paragraph shall have the meanings provided. Defined terms may be used in the singular or plural.

   1.1 **"Producing Party"** means the party, or the person or entity other than a party, being asked to produce documents or information considered by that party person or entity to be Confidential Information, and includes a party asserting a confidentiality interest in information produced by others.

   1.2 **"Receiving Party"** means that party/person/entity receiving or requesting production of Confidential Information.

   1.3 **"Confidential Information"** means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party reasonably and in good faith believes contains or concerns confidential, non-public, proprietary and/or sensitive information including, but not limited to, licensing, distribution, marketing and financial data, technical information, such as product design and manufacturing techniques or processing information, formulae, research and

development information, product specifications, testing procedures, test criteria and results of clinical studies, personnel records and information, non-public submissions and communications with the Food and Drug Administration, proprietary or nonpublic commercial information, proprietary information, intellectual property, including trade secret information, information involving privacy interests, and commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis.

 1.4   **"Litigation Documents"** means all pleadings, motions, affidavits and related papers, all documents produced or exchanged in the course of this action or any settlement negotiations, all written discovery responses and all transcripts and testimony given in depositions, in hearings or at trial.

 1.5   **"Termination"** means the dismissal of this Action, or entry of final judgment or expiration of all periods to appeal or seek judicial review of this action.

2. **Redaction of Documents**

 2.1   The Producing Party may redact the following types of Confidential Information from any documents or information it produces, regardless of whether the document itself is designated or deemed to be "Confidential":

   (a)   Commercial/financial information and data;

   (b)   Customer identities, including phone numbers, addresses and other identifying information (with the exception of information relating to Plaintiff);

   (c)   Names and other identifying information concerning clinical trial subjects or patients, physicians or others who report information regarding patients or clinical trials (with the exception of documents identifying Plaintiff's decedent, Plaintiff or treating physicians relating to Plaintiff's decedent or Plaintiff's treatment);

   (d)   Names and other identifying information concerning any third party involved with clinical trials subjects or patients, including, but not limited to, a physician or hospital or other institution;

- 2 -

Stipulation and [Proposed] Protective Order

1    (e)    Trade secrets; and

2    (f)    Information concerning products not involved in this litigation.

2.2    Any discovery materials so redacted shall be redacted in a way so that the extent of the redaction is clear to the Receiving Party.

2.3    If there is a dispute whether any redacted material qualifies for redaction under this paragraph, counsel may move for a ruling, which may require this Court's in camera inspection of a document on the issue of whether certain information is entitled to redaction. If other Confidential Information is deemed by the Producing Party to be trade secret or otherwise in need of redaction such that the scope of this Stipulation and Protective Order is insufficient to adequately protect the information contained therein, the Producing Party shall seek to meet and confer on the specific information with the Receiving Party and, failing good faith meet and confer on informal resolution, shall seek the Court's determination by way of formal motion.

3.    **Use of Confidential Information.**

3.1    Materials and the contents of materials designated "Confidential" shall be used for purposes of this action only and for no other purpose except the customary business purposes of the party producing such materials, and shall not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal) and counsel for the parties in this action who have executed this Stipulation and Protective Order. In addition, parties may disclose documents designated "Confidential" to "Qualified Persons" as defined in paragraph 3.2. This "Action" specifically refers to the pretrial proceedings and trial or settlement of *Don McCovey, et al. v. Medtronic, Inc.*, pending in the United States District Court for the Northern District of California, Case No. 3:08-cv-0228. This "Court" specifically refers to the United States District Court for the Northern District of California.

(a)    Submission to this Court of materials or the contents of materials designated "Confidential" shall not constitute a violation of, or a waiver of, the protections afforded by this Stipulation and Protective Order to the materials or contents of the materials so submitted. (Provided the provisions of

- 3 -

Stipulation and [Proposed] Protective Order

paragraph 7 are followed.)

(b) The disclosure by counsel for a party to this Action of materials or the contents of materials designated "Confidential" to other counsel, to paralegals, and to clerical staff employed in the disclosing counsel's office who are assisting counsel in the prosecution, defense or settlement of this Action shall not constitute a violation of, or a waiver of, the protections afforded by this Stipulation and Protective Order to the materials or contents of the materials so disclosed.

(c) The disclosure by counsel for a party to this Action of materials or the contents of materials designated "Confidential" to experts or consultants who are employed by such counsel to work on this action, and who, prior to such disclosure, have executed an Affidavit in the form attached hereto as Attachment A, shall not constitute a violation of, or a waiver of, the protections afforded by this Stipulation and Protective Order to the materials or contents of the materials so disclosed.

3.2 "Qualified Person" for documents designated "Confidential" means:

(a) Such partners, associate attorneys, paralegal assistants and stenographic or clerical staff employed by counsel of record for the parties in this Action and who have been specifically assigned to assist counsel in the prosecution, defense or settlement of this Action;

(b) Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, provided that they read this Stipulation and Protective Order in advance of disclosure and execute an Affidavit in the form attached hereto as Attachment A;

(c) Any party, including employees of a party;

(d) Any expert or consultant, including any employees thereof, used or retained by counsel or a party as an expert or consultant, to the extent deemed

- 4 -

necessary by counsel to aid in the prosecution, defense or settlement of this Action, provided that each such expert has read this Stipulation and Protective Order in advance of disclosure and undertakes in writing to be bound by its terms. A copy of such writing shall be furnished to the producing party on reasonable request as set forth in Paragraph 3.4, except consulting experts shall not be disclosed. For good cause shown, the producing party may request that the Court order the identification of such consulting experts;

(e) The Court or any other Court having jurisdiction over discovery procedures in this Action;

(f) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(g) Any court reporter or typist recording or transcribing testimony in this Action and any outside independent reproduction firm;

(h) Any person who was the author, recipient or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition or during the course of preparation for trial or deposition;

(i) In-house counsel (and related staff) for a party;

(j) In the event that any of the foregoing persons ceases to be engaged in the preparation of this Action, access by such person(s) to discovery material designated as Confidential Information shall be terminated. Any such material in the possession of any such person(s) shall immediately be returned or destroyed within 48 hours. The provisions of this Stipulation and Protective Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

3.3 No person receiving discovery material or a transcript designated as "Confidential" pursuant to this Stipulation and Protective Order shall disclose it or its contents to any person other

- 5 -

Stipulation and [Proposed] Protective Order

than those described in Paragraph 3.2. No such disclosure shall be made for any purpose other than those specified in Paragraphs 3.1 or 3.2, and in no event shall such person make any other use of such discovery material or transcript. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Stipulation and Protective Order from all persons to whom any discovery material or transcript so designated is disclosed. Such written agreement shall be obtained by securing the signature of any recipient of such discovery material or transcript at the foot of Attachment A to this Stipulation and Protective Order after having such recipient read the Stipulation and Protective Order and having explained its contents to such recipient. Counsel shall be responsible for maintaining a list of all persons to whom any discovery material or transcript so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court.

   3.4 Other than to the parties to this litigation, in no event is any disclosure of the Confidential Information to be disclosed directly or indirectly to a known competitor or any persons employed by a known competitor of Medtronic, Inc. If the Receiving Party wishes to disclose Confidential Information to any person listed in subparagraphs 3.2 (b) and (d) who is known or should be known to be a consultant to a competitor of Medtronic, respectively, the Receiving Party shall give at least ten (10) days advance notice in writing to counsel for Medtronic, stating the names and addresses of the person(s) to whom the disclosure will be made, providing a copy of that individual's resume and/or curriculum vitae and stating the purpose of such disclosure.

     (a) Within five (5) business days of receiving such notification, the Producing Party's counsel shall notify the Receiving Party's counsel whether the Producing Party objects to the disclosure of Confidential Information to this individual. Any such objection shall be made in good faith and on reasonable grounds. If an objection is made and cannot be resolved by the parties, the objecting party shall file a motion with the Court within ten (10) business days. Under no circumstances shall the Confidential Information be disclosed to the persons listed in subparagraphs 3.2(b) unless and until the parties

- 6 -

Stipulation and [Proposed] Protective Order

resolve the matter, the objection is withdrawn, the Court permits disclosure or the Producing Party fails to object to such disclosure or file a motion in support of its objection within the times specified herein (or other schedule agreed to among the parties).

(b) If Medtronic has reason to believe that a competitor has improperly acquired or learned of Confidential Information, the Receiving Party shall reveal to Medtronic (upon written demand from Medtronic) whether Confidential Information was disclosed to any officer, director, employee or consultant of such competitor or potential competitor. Such request may only be made by Medtronic upon a good faith belief that information has been improperly received by a competitor and Medtronic shall disclose the reasons for such belief.

4. **Designation of Confidential Information.**

4.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Producing Party must take care to designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Producing Party to sanctions.

If it comes to a Party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

- 7 -

Stipulation and [Proposed] Protective Order

mistaken designation.

4.2  **Documents**. Any Producing Party may, in good faith, designate Confidential Information contained in a document or thing specifically by either marking the entire document or thing as "CONFIDENTIAL" or by designation, in writing, identifying the Bates stamp number which has been assigned to the document or thing. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and must specify the level of protection being asserted.

4.3  Third parties producing documents in the course of this action may also designate documents as "CONFIDENTIAL" subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as Confidential for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Protective Order.

4.4  **Depositions**. Any Producing Party may, in good faith, designate information or documents disclosed during deposition as "CONFIDENTIAL" by indicating on the record at the deposition that the entire deposition testimony, or any specified part of the testimony given or to be given, and/or all or any part of the document or thing marked for identification at such deposition is Confidential Information subject to the provisions of this Stipulation and Protective Order. In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel making the designation and shall specify the testimony being designated "Confidential" by page and line number(s). Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Until the expiration of such 30 day period, the entire text of the deposition, including all testimony therein and exhibits thereto, shall be treated as Confidential under this Stipulation and Protective Order. The deposition of any witness (or any portion of such deposition) that encompasses Confidential only information shall be taken only in the presence of persons who are

1 qualified to have access to such information as defined by Paragraph 3.2.

2     4.5 **Interrogatories**. Any party may, in good faith, designate Confidential Information contained in a response to an interrogatory by designating the responses "Confidential" or the Receiving Party otherwise shall be advised in writing of such confidential status, and the information may be served and filed in a separate document if desired.

5. **Mistake or Inadvertence**. Notwithstanding the procedure set forth in paragraph 4, above, documents or other discovery materials produced and not designated as "Confidential" or through mistake or inadvertence shall likewise be deemed Confidential upon notice of such mistake or inadvertence. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is protected from disclosure.

Moreover, where a Producing Party has inadvertently produced a document which the Producing Party later claims should not have been produced because of privilege, the Producing Party may require the return of any such document within 10 days of discovering that it was inadvertently produced (or inadvertently produced without redacting the privileged content). A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production. The inadvertent production of any document which a Producing Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of

- 9 -

Stipulation and [Proposed] Protective Order

any privilege to which the Producing Party would have been entitled had the privileged document not inadvertently been produced. If a Producing Party requests the return of the document, pursuant to this paragraph, of any such document from another party, the party to whom the request is made shall within ten (10) days return to the requesting party all copies of the document within its possession, custody, or control – including all copies in the possession of experts, consultants, or others to whom the document was provided. In the event that only portions of the document contain privileged subject matter, the Producing Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document. In the event the Receiving Party contests the claim of privilege or inadvertent production, the Receiving Party shall file a motion within 10 days after return of the document to obtain a court determination that the document is not privileged.

6. **Challenge of Designation**. The Receiving Party shall not be obligated to challenge the propriety of the Confidential Information designation at the time made or upon a submission to the Court. In the event a party disagrees at any stage of these proceedings with the Producing Party's particular designation of Confidential Information, the parties shall first try to dispose of such dispute in good faith on an informal basis. If a dispute cannot be informally resolved, the Receiving Party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that the information is entitled to confidentiality protection unless otherwise provided by the applicable law. The Confidential Information shall remain Confidential according to the particular status given to it by the designating party unless and until the court rules to the contrary.

7. **Court Filings**. Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

8. **Subpoena by the Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of Confidential Information that the parties have obtained under the

- 10 -

Stipulation and [Proposed] Protective Order

terms of this Stipulation and Protective Order, the parties shall promptly notify Medtronic of the pendency of such subpoena or order.

9. **Client Consultations.** Nothing in this Stipulation and Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information; provided however, that rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Paragraph 3.

10. **Use.** Persons obtaining access to Confidential Information under this Stipulation and Protective Order shall use the information only for preparation and trial of this Action, and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11. **Non-Termination.** The provisions of this Stipulation and Protective Order shall not terminate at the conclusion of this Action. This Stipulation and Protective Order shall remain in full force and effect and each person subject to this Stipulation and Protective Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Stipulation and Protective Order. Within 120 days after final conclusion of all aspects of this Action, Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Producing Party. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 150 days after final conclusion of this Action, hereinafter attached as Attachment B.

12. **Modification Permitted.** Nothing in this Stipulation and Protective Order shall prevent a party from seeking modification of this Stipulation and Protective Order, or from objecting to discovery that it believes otherwise to be improper.

13. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulation and Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any Confidential Information except working copies and for filing in court under seal. All copies made

- 11 -

of Confidential Information shall bear the appropriate "Confidential" designation.

**14.    No Waiver.**

Review of the Confidential Information by counsel, experts, or consultants for the litigants in this Action shall not waive the confidentiality of the documents or objections to production.

14.1    The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver in whole or in part, of any party's claims of confidentiality.

14.2    Nothing contained in this Stipulation and Protective Order shall constitute a waiver of, or otherwise prejudice the Producing Party's right to protect from disclosure any information based on any applicable privilege, right of privacy, trade secret protection or other statutory or common law immunity.

14.3    Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request. No use of such documents shall be made during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.

14.4    The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Information through inadvertence or otherwise, after the conclusion of this litigation.

**15.    Scope of Stipulation and Protective Order**

This Stipulation and Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that material designated as "Confidential" under the terms of this Order is properly discoverable, relevant or admissible in this

- 12 -

Stipulation and [Proposed] Protective Order

or any other litigation.

15.1  The entry of this Stipulation and Protective Order shall be without prejudice to the rights of the parties, or of any non-party to assert or apply for additional or different protection at their discretion.

15.2  Nothing contained in this Stipulation and Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the Confidential Information sought.

IT IS SO STIPULATED.

DATED: June 29, 2008            HERSH & HERSH

                                By _____
                                   Rachel Abrams
                                   Attorneys for Plaintiffs


DATED: ~~June~~ July 29, 2008            REED SMITH, LLP

                                By _____
                                   Ginger Pigott, Alison B. Riddell
                                   Dana A. Blanton
                                   Attorneys for Defendant
                                   Medtronic, Inc.


IT IS SO ORDERED.

DATED: _____, 2008
                                _____
                                United States District Judge

- 13 -

Stipulation and [Proposed] Protective Order

# ATTACHMENT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____ [Name – Print or Type], have been given and read a copy of Stipulation and Protective Order, dated _____, in this case. I understand and will strictly adhere to the contents of said order. I understand that produced material disclosed to me is subject to the order of this Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said court order. I understand that unauthorized disclosure of the stamped confidential information may constitute contempt of court and agree to be subject to personal jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the order, and any contempt proceeding that may be instituted for alleged violation thereto. I understand also that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said order, is a prerequisite to my review of any produced document and materials.

[Date] _____

[Name] _____

[Signature] _____

ATTACHMENT B

I, _____ [Name – Print or Type], am over the age of 18 years and am a resident of _____ County, _____. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

I have requested and received from _____ all of the materials, transcripts, and other things produced in this case, *Don McCovey, et al. v. Medtronic, Inc.*, and DOES 1 through 15, inclusive, Case No. 3:08-cv-02287.

I have either destroyed or have attached hereto all of the materials, transcripts, and other things, including those materials which were returned to me by the experts and consultants mentioned above in accordance with the preceding paragraph, and as described in the Protective Order which was entered by this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

[Date] _____

[Name]_____

[Signature]_____

DOCSOAK-9908517.2-DBLANTON

- 15 -

Stipulation and [Proposed] Protective Order