Sonja S. Weissman (SBN 154320)
Dana A. Blanton (SBN 232373)
REED SMITH LLP
1999 Harrison St., Suite 2400
Oakland, CA  94612
Telephone:     510.763.2000
Facsimile:     510.273.8832
Email:  sweissman@reedsmith.com;
dblanton@reedsmith.com

Michael K. Brown (State Bar No. 104252)
Ginger Heyman Pigott (State Bar No. 162908)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:     213.457.8000
Facsimile:     213.457.8080
Email:   mkbrown@reedsmith.com;
gheyman@reedsmith.com

Alison B. Riddell (State Bar No. 246120)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111
Telephone:     415.543.8700
Facsimile:     415.391.8269

Attorneys for Defendant
Medtronic, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON McCOVEY and DAWN HECKEL,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>MEDTRONIC, INC. and DOES 1 through 15, inclusive,<br>　　　　　Defendants. | No.: 3:08-cv-02287-PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Plaintiffs Don McCovey and Dawn Heckel, individually and as personal representatives of the estate of Maxine Heckel, deceased ("Plaintiffs"), and Defendant Medtronic, Inc. ("Medtronic"), by and through their counsel of record submit the following Joint Case Management Conference Statement pursuant to this Court's Case Management Scheduling Order.

### 1.     Jurisdiction and Service

Jurisdiction is based on diversity of citizenship. 28 U.S.C. §1332. Plaintiffs are residents of California. Medtronic is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota. The amount in controversy exceeds $75,000, exclusive of costs and interest. Venue is proper in the Northern District of California. 28 U.S.C. §§ 84(d) and 1441(a).

Other than Does 1-15, all parties have been served.

### 2.     Facts

Plaintiffs Don McCovey and Dawn Heckel allege that on or around September 24, 2005, the Maximo VR Implantable Cardioverter Defibrillator ("ICD") manufactured by Medtronic that had been implanted in Maxine Heckel on or around July 29, 2005 failed to administer a shock to Maxine Heckel's heart. Plaintiffs allege that this failure caused Maxine Heckel to suffer injuries and death. Plaintiffs further claim that they have suffered injuries, including physical, mental pain and suffering, and economic losses. Plaintiffs assert causes of action for strict liability (failure to warn), negligence, breach of implied warranties, breach of express warranty, fraud, fraud by concealment, and negligent misrepresentation.

Medtronic disputes that Plaintiffs and/or Maxine Heckel experienced any damage attributable to the Maximo VR ICD manufactured by Medtronic, an implantable cardioverter defibrillator designed to shock the heart into normal rhythm when it starts beating irregularly. Medtronic contends that it met all applicable duties in designing, manufacturing and selling the Maximo VR ICD, and that the device was free from any defect in its warnings. Indeed, the Maximo VR ICD is a prescription Class III implantable medical device that has been approved for premarket approval by the United States Food and Drug Administration ("FDA"). The FDA approved all aspects of the

design, manufacture and labeling/warnings.  The FDA approved the specific label found on the Maximo VR ICD, and federal law prohibits Medtronic from placing a different label on the device. For this reason, Medtronic asserts that Plaintiffs' claims are preempted by the federal Medical Device Amendments, 21 U.S.C. § 360k(a).  For its defense of preemption, Medtronic relies on the application of the recent Supreme Court case of *Riegel v. Medtronic, Inc.*, 128 S.Ct. 999 (U.S. 2008), and by the recent California Court of Appeal decisions in *Blanco v. Baxter Healthcare Corp.,* 158 Cal. App. 4th 1039 (2008) and *Jessen v. Mentor Corp.*, 158 Cal. App. 4th 1480 (2008). Medtronic disputes that it made any misstatements or misrepresentations regarding its medical device or that it concealed any material information.  In addition, Medtronic believes Plaintiffs' claims suffer from overarching general and specific causation problems and a statute of limitations problem.

The principal factual issues which the parties dispute include: (a) whether Plaintiffs and/or Maxine Heckel experienced any injury or damages attributable to the alleged failure of the Maximo VR ICD manufactured by Medtronic and (b) whether Plaintiffs knew or reasonably should have known about the alleged failure of the Maximo VR ICD manufactured by Medtronic more than two years before filing this action.

### 3.     Legal Issues

The principal legal issues which the parties dispute include: (a) whether the Maximo VR ICD was defective in any way; (b) whether Medtronic was negligent; (c) whether Medtronic made or breached any warranties in connection with the Maximo VR ICD; (d) whether Medtronic misrepresented or concealed material information; (e) whether Plaintiffs and/or Maxine Heckel experienced any injury attributable to the Maximo VR ICD manufactured by Medtronic; (f) whether Plaintiffs are entitled to punitive damages or any damages whatsoever; (g) whether Plaintiffs' claims are barred by the statute of limitations; (h) whether the Maximo VR ICD label provided adequate warnings as a matter of law; (i) whether federal law preempts Plaintiffs' claims; (j) whether application of Comment k to the Restatement (Second) of Torts and California law bar a strict liability design defect claim; and (k) whether Plaintiffs' claims should be dismissed based application of the learned intermediary doctrine.

**4.     Motions**

There are no pending motions. Medtronic anticipates filing a Motion for Summary Judgment if mediation is unsuccessful. Both parties anticipate filing various motions *in limine*.

**5.     Amendment of Pleadings**

The parties do not expect to amend their pleadings.

**6.     Evidence Preservation**

The parties are taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues in this lawsuit.

**7.     Disclosures**

Neither Plaintiffs nor Medtronic have provided Initial Disclosures as of the date this Joint Case Management Statement was filed though the parties have started to exchange information and documents informally. Pursuant to the Court's July 10, 2008 Case Management Scheduling Order, the parties anticipate that they will serve their Initial Disclosures on July 31, 2008.

**8.     Discovery**

On July 17, 2008, the parties filed a Stipulated and Proposed Protective Order. On that same date, the parties began an informal exchange of information and documents in anticipation of mediation. On July 21, 2008 this Court entered an Order partially granting and partially denying the parties' Stipulated Protective Order. Pursuant to the Court's July 21, 2008 Order, the parties revised their Stipulated Order and filed it on July 29, 2008. The parties anticipate that they will continue to informally exchange information and documents prior to the mediation which is currently scheduled for September 16, 2008.

Other than specific dates proposed herein, the parties do not seek variances from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

The parties are not aware of any related cases.

**11.    Relief**

Plaintiffs are seeking general damages, special damages, pre-judgment and post-judgment interest on the general and special damages, restitution and disgorgement of profits, compensatory damages, exemplary and punitive damages, costs, experts' fees, attorneys' fees and such other relief as the Court deems just and proper.

**12.    Settlement and ADR**

On July 17, 2008 the parties filed a joint Stipulation and Proposed Order selecting mediation. The parties intend to mediate this action with Daniel Kelly on or around September 16, 2008.

**13.    Consent to Magistrate Judge For All Purposes**

Medtronic does not consent to assignment of a magistrate judge.

**14.    Other References**

The parties do not think that the case is amenable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

Medtronic may ask that trial be trifurcated, with causation being tried first, liability second, and damages third.

**16.    Expedited Schedule**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

The Parties propose the following schedule should mediation be unsuccessful:

a)  Discovery necessary for adjudication of the issues related to preemption and application the statute of limitations shall be completed by November 30, 2008 and all other discovery shall be stayed pending disposition of the motions which are to be filed by or before December 31, 2008.

b)  Other fact discovery shall be completed by:  April 15, 2009;

c)  Plaintiffs' expert witnesses shall be disclosed, along with a written expert report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2) by:  May 15, 2009

    d) Defendant's expert witnesses shall be disclosed, along with a written expert report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2) by: June 15, 2009;

    e) Plaintiff's expert witnesses shall be deposed by: July 15, 2009;

    f) Defendants' expert witnesses shall be deposed by: August 15, 2009;

    g) Expert discovery shall be completed by: August 15, 2009;

    h) Other dispositive motions shall be filed by: August 31, 2009;

    i) Pretrial conference shall be completed by October 15, 2009;

    j) Trial shall commence by October 30, 2009.

**18.   Trial**

Both parties request a jury trial. Both parties anticipate that the trial will take 7-9 days.

**19.   Disclosure of Non-party Interested Entities**

Medtronic filed its Certificate of Interested Parties pursuant to Local Rule 3-16 on May 2, 2008. Other than the named parties, the parties are not aware of any Non-party Interested Entities or Persons.

**20.   Other Matters**

The parties are not aware of matters other than those discussed above that might facilitate the just, speedy and inexpensive disposition of this matter.


Dated: July 31, 2008            HERSH & HERSH


                                        By   /s/ Rachel Abrams
                                            Rachel Abrams
                                            Attorneys for Plaintiffs

Dated: July 31, 2008

REED SMITH LLP

By___/s/ Alison B. Riddell___
Alison B. Riddell
Attorneys for Defendants
Medtronic Inc.